ORIGINAL

**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671)472-8868
FACSIMILE: (671) 477-2511
EMAIL: jtang@civilletang.com

*Attorneys for Defendant*
*ST&K Corporation*





FILED
SUPERIOR COURT
OF GUAM

2018 FEB 21 PM 3: 42

CLERK OF COURT

BY:_____

RECEIVED
11364M
FEB 13 2018
CLERK'S OFFICE
SUPERIOR COURT OF GUAM

## IN THE
## SUPERIOR COURT OF GUAM

| | |
|---|---|
| M2P, INC., | Superior Court Case No. CV0324-15 |
| Plaintiff, | |
| vs. | [PROPOSED] *Cal.* |
| ST&K CORPORATION, | **FINDINGS OF FACTS AND** **CONCLUSIONS OF LAW** |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Court for a bench trial on July 29, 2016. Defendant ST&K Corporation was represented by Civille & Tang PLLC. Plaintiff M2P, Inc. failed to appear. Plaintiff had alleged a Complaint for breach of contract and foreclosure of mechanic's lien on April 22, 2015. Defendant has alleged a Counterclaim on May 26, 2015 for breach of contract, seeking delay damages. The Court now issues the following Findings of Fact and Conclusions of Law on the matter.

## II. FINDINGS OF FACT

In a bench trial, the Court is the trier of fact and is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *United States v. Bale*, 813 F. 2d 1289, 20 1293 (4th Cir. 1987). The Court has both the right and duty to weigh the

evidence and to draw reasonable and rational inferences from the facts in evidence, including circumstantial evidence. *State v. Halmos*, 775 P.2d 1226, 1227 (Haw. 1988). The Court finds the following facts have been established by a preponderance of the evidence:

1.      Plaintiff M2P, Inc. ("M2P") is a Guam corporation and was a licensed contractor in Guam.

2.      Defendant ST&K Corporation ("STK") is a Guam corporation, and the owner of Lot No. 3257-4-R2 in Sinajana, Guam ("the Property").

3.      On December 13, 2012, the parties entered into a Construction Agreement for construction services, pursuant to which the Contractor, M2P "will provide all Labor, Equipment and Material necessary to construct the proposed Dialysis Center, Clinic and a Warehouse property [*sic*] on Route 4 in Sinajana, Guam, Lot 3257-4-R2 (the "Project")." *See,* Ex. 1, *Construction Agreement.*

4.   The agreed upon lump price for M2P's work on the Project was Four Million, Four Hundred Thirty-Five Thousand dollars ($4,435,000). *Id.* at ¶2.

5.   The original construction completion date was January 31, 2014. *Id.* at ¶3.

6.   A forty-two (42) days extension was approved by STK, extending the completion date to March 21, 2014. *See,* Ex. 2, *1/23/2014 Letter from Ben Ghafghazi to Myung Jin Park.*

7.   A further fifty-seven (57) day extension was approved by STK, extending the completion date to May 15, 2014. *See,* Ex. 3, *3/7/2014 Letter from STK to Myung Jin Park.*

8. M2P completed work on the Project on December 14, 2014, Two Hundred Fourteen (214) days after the May 15, 2014 extended deadline. *See Ghafghazi Decl.*, ¶7.

9. STK fully performed all its obligations under the Construction Agreement, and has fully paid M2P as required. *See Ghafghazi Decl.*, ¶8.

## B.    DAMAGES

Completion of work on the Project was delayed for 214 days.  Pursuant to the Construction Agreement between the parties, in the event of such delay, STK would be entitled to liquidated damages at the rate of $2,500 per day. The amount of delay damages for a 268-day delay totals Six Hundred Seventy Thousand dollars ($670,000.00).

## III. CONCLUSIONS OF LAW

### A.    Plaintiffs' Complaint – Breach of Contract and Foreclosure of Mechanic's Lien

M2P failed to appear during the trial in this matter, and has thus failed to meet its burden of proof as to the claims alleged against STK in the Complaint. Accordingly, the Court finds in favor of STK on M2P's claims, and no damages are awarded. The Mechanic's Lien filed by M2P against STK is hereby vacated.

### B.    Defendant's Counterclaim

#### 1. Breach of Contract (Construction Agreement) and Delay/Liquidated Damages

In Guam, "[a] breach of contract claim consists in allegation of the following elements: (1) the contract; (2) plaintiffs performance of the contract, or excuse for nonperformance; (3) defendants' breach; and (4) the resulting damage to plaintiff." *Marianas Hospitality Corp, v. Premier Business Solutions, Inc.*, Civil Action No. 07-

3

00002, Order Re: Defendant's Motions to Dismiss, *9 (D. Ct. Guam January 14, 2009) (citing *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968)).

The Court finds by a preponderance of the evidence that the December 13, 2012 Construction Agreement executed by the parties constitutes a valid contract. Behnam Ghafghazi, Project Engineer of STK, has attested to the following: (1) that STK performed all its obligations under the Construction Agreement, (2) that M2P failed to complete work on the Project until December 14, 2014, 214 days after the extended May 15, 2014 deadline, (3) and that STK was damaged by the delay. Mr. Ghafghazi's sworn testimony is uncontroverted, and the Court has no reason to question the accuracy of Mr. Ghafghazi's testimony. Accordingly, the Court finds that STK has met its burden of proof of demonstrating that M2P has breached the Construction Agreement.

## C.  Damages

As described in the Court's findings of facts above, the Project was delayed for 268 days. Pursuant to the Construction Agreement between the parties, STK is entitled to liquidated damages at the rate of $2,500 per day, totaling Five Hundred Thirty-Five Thousand dollars ($535,000.00). The Court finds that STK is entitled to recover this sum from M2P, along with statutory 6% post-judgment interest.

///
///

4

## IV. CONCLUSIONS OF LAW

For the reasons stated herein, as to M2P's claims against STK, the Court finds that M2P has failed to meet its burden of proof as to these claims, and no damages are awarded. The Court further vacates the Mechanic's Lien filed against STK. As to STK's Counterclaim against M2P for Breach of Contract and Delay/Liquidated Damages, the Court finds in favor of STK and awards STK damages in the amount of Five Hundred Thirty-Five Thousand dollars ($535,000.00), plus statutory 6% post-judgment interest.

SO ORDERED:      FEB 2 1 2018      .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SUBMITTED BY:**

**JOYCE C.H. TANG**
**LESLIE A. TRAVIS**
*Attorneys for ST&K Corporation*

SERVICE VIA COURT
I acknowledge that a copy of this
original hereto was filed in the
court box

ED HAN

7/21/18

Deputy Clerk